UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

DOCKET NO. 1:16-CV-12009

| | | |
|---|---|---|
| UNITED STATES for the use of | ) | |
| D.D.S. INDUSTRIES, INC., | ) | |
|     Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| NAUSET CONSTRUCTION | ) | THIRD AMENDED COMPLAINT |
| CORPORATION, TRAVELERS | ) | |
| CASUALTY AND SURETY COMPANY | ) | |
| OF AMERICA, and BENHAM DESIGN, | ) | |
| LLC, | ) | |
|   Defendants. | ) | |

## **INTRODUCTION**

This is a Miller Act claim by an HVAC subcontractor against a general contractor and its payment bond surety for labor and material provided on the Camp Edwards UTES federal construction project and claims for breach of implied warranty and misrepresentation against the engineer on the same project as well a claim for violation of M.G.L. 93A against the general contractor and engineer.

## **PARTIES**

1.     Plaintiff D.D.S. Industries, Inc. ("D.D.S.") is a domestic corporation with a principal place of business at 250 Ace Street, Fall River, Bristol County, Massachusetts.

2.     Defendant Nauset Construction Corporation ("Nauset") is a domestic corporation with a principal place of business at 10 Kearney Road, Suite 307, Needham, Norfolk County, Massachusetts.

1

3.      Defendant Travelers Casualty and Surety Company of America ("Travelers") is a foreign surety company authorized to do business in Massachusetts, with a listed address at One Tower Square, Hartford, Connecticut 06183.

4.      Defendant Benham Design, LLC ("Benham") is a foreign limited liability company with a principal place of business at 9400 N. Broadway, Suite 300. Oklahoma City, Oklahoma 73114.

### JURISDICTION AND VENUE

5.      Jurisdiction is proper pursuant to 40 U.S.C. §§ 3131 and 3133.

6.      Venue is proper pursuant to 40 U.S.C. § 3133(3)

### COUNT ONE – PAYMENT BOND
### / CONTRACT 40 U.S.C. § 3131
### (Nauset and Travelers)

7.      D.D.S. realleges paragraphs 1 through 6.

8.      The United States of America, acting by and through the Department of the Army, entered into a prime contract with defendant general contractor Nauset for maintenance, repair or alteration of the Unit Training Equipment Site at Camp Edwards, located in Sandwich, Massachusetts, and listed as Government Prime Contract No. W912SV-13-C-0007 (the "Project").

9.      Nauset, as principal, and Travelers, as surety, executed a bond required by 40 U.S.C. § 3131, securing payment of labor and materials used or employed in the construction of the Project.

10.     Leidos Engineering LLC ("Leidos"), as project engineer, prepared certain specifications contained within the bid documents for the Project ("Pre-Bid Project Specifications").

2

11.     D.D.S. based its sub-bid on the information provided by Leidos in the Pre-Bid Project Specifications.

12.     Nauset subcontracted with D.D.S. for D.D.S. to furnish labor and material for the HVAC system on the Project ("Subcontract").

13.     The Subcontract price was $1,614,500.00.

14.     The parties agreed to change orders, the agreed price of which is $2,804.49.

15.     D.D.S. submitted change orders for extra work which are not yet approved, the price of which is $124,849.81.

16.     Subsequent to commencing work on the Project, D.D.S. discovered the Pre-Bid Project Specifications provided insufficient, inconsistent and incomplete specifications.

17.     The Pre-Bid Project Specifications contained designs requiring significant revisions and modifications by D.D.S. in order for D.D.S to properly effectuate its Subcontract work, and designs that led to significant project delays due to their general insufficiency.

18.     The insufficient Pre-Bid Project Specifications have caused Project delays and additional costs.

19.     On the basis of a Novation Agreement between Leidos and Benham, Benham is responsible for the Project delays and additional costs stemming from the insufficient Pre-Bid Project Specifications.

20.     Nauset continually fails to timely process change orders.

21.     Nauset and/or others have caused substantial delays on the Project, resulting in significant extra costs for D.D.S.

22.     D.D.S. partially completed the Subcontract work.

3

23.    D.D.S. billed Nauset $1,729,649.30 to date.

24.    Nauset paid D.D.S. $1,508,214.21.

25.    The amount withheld for retainage is currently $83,654.85.

26.    Nauset owes D.D.S. a principal balance of $137,780.25, plus interest on late periodic and final payments and costs of collection.

27.    On information and belief, Nauset is currently withholding payment from D.D.S. for accepted Project work in an attempt to gain settlement leverage against D.D.S. in this matter.

28.    D.D.S. demanded payment but Nauset and Travelers have failed and refused to pay.

29.    This complaint is being filed within one year of D.D.S. last furnishing labor and material on the Project.

30.    D.D.S. performed all conditions precedent to the maintenance of this action.

WHEREFORE, Plaintiff D.D.S. Industries, Inc. demands judgment against Defendant Nauset Construction Corporation and Defendant Travelers Casualty and Surety Company of America, jointly and severally, for its damages, plus interest and costs.

### COUNT TWO – QUANTUM MERUIT
### PAYMENT BOND – 40 U.S.C. § 3131
### (Nauset and Travelers)

31.    D.D.S. realleges paragraphs 1 through 30.

32.    D.D.S. substantially completed in good faith Subcontract work the fair value of which is $1,72,649.30.

33.    Nauset  paid D.D.S. $1,508,214.21.

34.    Nauset owes D.D.S. a principal balance of $137,780.25, plus interest on late periodic and final payments and costs of collection.

4

35.     D.D.S. performed all conditions precedent to the maintenance of this action.

WHEREFORE, Plaintiff D.D.S. Industries, Inc. demands judgment against Defendant Nauset Construction Corporation and Defendant Travelers Casualty and Surety Company of America, jointly and severally, for its damages, plus interest and costs.

### COUNT THREE-BREACH OF IMPLIED WARRANTY
**(Benham)**

36.     D.D.S. realleges paragraphs 1-35.

37.     Leidos designed and furnished the Pre-Bid Project Specifications contained in the Project bid documents.

38.     As the designer and furnisher of the specifications contained in the Project bid documents Leidos impliedly warranted the sufficiency of the Pre-Bid Project Specifications for the purpose intended.

39.     D.D.S. realleges paragraphs 16-19.

40.     D.D.S. relied on the Pre-Bid Project Specifications contained in the bid documents in good faith when D.D.S. submitted its bid for the Project.

41.     Leidos's specifications contained in the bid documents were insufficient for the purpose intended.

42.     On the basis of a Novation Agreement between Leidos and Benham, Benham is responsible for the Project delays and additional costs stemming from the insufficient Pre-Bid Project Specifications.

WHEREFORE, Plaintiff D.D.S. Industries, Inc. demands judgment against Defendant Benham Design, LLC for its damages, plus interest, costs and attorneys' fees.

### COUNT FOUR-MISREPRESENTATION
**(Benham)**

5

43.    D.D.S. realleges paragraphs 1 through 42.

44.    Leidos designed and furnished the Pre-Bid Project Specifications contained in the Project bid documents.

45.    Leidos supplied materially false information for the guidance of sub-bidders in the Pre-Bid Project Specifications regarding the sufficiency and completeness of the Pre-Bid Project Specifications.

46.    D.D.S. justifiably relied on the materially false information contained within the Pre-Bid Project Specifications when submitting its sub-bid on the Project as it priced its sub-bid based on the Pre-Bid Project Specifications.

47.    D.D.S. realleges paragraphs 16-18.

48.    On the basis of a Novation Agreement between Leidos and Benham, Benham is responsible for the Project delays and additional costs stemming from the insufficient Pre-Bid Project Specifications.

WHEREFORE, Plaintiff D.D.S.'s Industries, Inc. demands judgment against Defendant Benham Design, LLC for its damages, plus interest, costs and attorneys' fees.

### COUNT FIVE – VIOLATION OF G.L. c. 93A
### UNFAIR OR DECEPTIVE TRADE PRACTICES
### (Nauset and Benham)

49.    D.D.S. re-alleges paragraphs 1 through 48.

50.    D.D.S. is a business for the purpose of G.L. c. 93A, § 11.

51.    At all times relevant to this action, Nauset and Leidos were engaged in trade or commerce within the Commonwealth of Massachusetts and the facts giving rise to the present action arose from such trade or commerce.

6

52.    Nauset and Leidos knowingly and willfully engaged in actions that were unfair and deceptive.

53.    Nauset knowingly and willfully continues to withhold payment from D.D.S. for accepted Project work.

54.    Nauset is withholding payment from D.D.S. for accepted Project work in an unfair and deceptive attempt to gain settlement leverage against D.D.S. in this matter.

55.    Nauset's unfair and deceptive actions caused D.D.S. to suffer pecuniary damages.

56.    Nauset's actions as detailed above are breaches of the covenant of good faith and fair dealing, and constitute knowing and willful violations of M.G.L. c. 93A.

57.    Leidos knowingly and willfully provided insufficient specifications contained in the bid documents provided to D.D.S.

58.    Leidos's unfair and deceptive actions caused D.D.S. to suffer pecuniary damages.

59.    Leidos's actions as detailed above are breaches of the covenant of good faith and fair dealing, and constitute knowing and willful violations of M.G.L. c. 93A.

60.    On the basis of a Novation Agreement between Leidos and Benham, Benham is responsible for Liedos's breaches of the covenant of good faith and fair dealing, and knowing and willful violations of M.G.L. c. 93A.

61.    All conditions precedent to the maintenance of this action have been performed.

WHEREFORE, Plaintiff D.D.S. Industries, Inc., demands judgment against Defendants Nauset Construction Corporation and Benham Design, LLC, for three times its actual damages, plus interest, costs and attorneys' fees as provided by G.L. c. 93A, §§ 2 and 11.

Respectfully submitted,

Plaintiff
D.D.S. INDUSTRIES, INC.,
By its attorneys:


*/s/ Andrea N. Jacobs*
Christopher D. Strang, BBO No. 664742
cstrang@strangscott.com
Andrea N. Jacobs, BBO No. 693754
ajacobs@strangscott.com
STRANG, SCOTT, GIROUX & YOUNG, LLP
654 Beacon Street, 6th Floor
Boston, MA 02215
Dated: February 27, 2018                    (857) 233-5534

## CERTIFICATE OF SERVICE

I, Andrea N. Jacobs, hereby certify that a copy of the foregoing, filed through the ECF system, will be sent via First-Class Mail, postage prepaid to the registered participants as identified on the Notice of Electronic Filing and to those indicated as non-registered participants on February 27, 2018.


*/s/ Andrea Jacobs*
Andrea N. Jacobs