UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 16-12009-NMG

| | |
|---|---|
| UNITED STATES for the use of <br> D.D.S. INDUSTRIES, INC., <br> <br> Plaintiff, <br> <br> v. <br> <br> NAUSET CONSTRUCTION CORPORATION, <br> TRAVELERS CASUALTY AND SURETY <br> COMPANY OF AMERICA, and BENHAM <br> DESIGN, LLC, <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| BENHAM DESIGN, LLC, <br> <br> Third-Party Plaintiff, <br> <br> v. <br> <br> LEIDOS ENGINEERING, LLC, <br> <br> Third-Party Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**THIRD-PARTY COMPLAINT**
**OF DEFENDANT BENHAM DESIGN, LLC**

Defendant/Third-Party Plaintiff Benham Design, LLC, by and through its undersigned counsel, hereby pleads and submits its THIRD-PARTY COMPLAINT against Leidos Engineering, LLC, as follows:

57740367 074411/0177372

**PARTIES**

1. Defendant/Third-Party Plaintiff Benham Design, LLC ("Benham") is a limited liability company organized and existing under the laws of the State of Delaware. Its principal place of business is located at 9400 N. Broadway, Suite 300, Oklahoma City, Oklahoma 73114.

2. Third-Party Defendant Leidos Engineering, LLC ("Leidos Engineering"), is a limited liability company organized and existing under the laws of the State of Delaware. Its principal place of business is located at 11955 Freedom Drive, Reston, Virginia 20190.

**JURISDICTION AND VENUE**

3. This Court has supplemental jurisdiction over Benham's indemnification claim against Leidos Engineering pursuant to 28 U.S.C. § 1367(a). Benham's claim against Leidos Engineering is so related to the claims asserted against Benham by the United States for the use of D.D.S. Industries, Inc. ("D.D.S."), that the claims form part of the same case or controversy under Article III of the United States Constitution.

4. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Benham's claims occurred in this District.

**FACTUAL ALLEGATIONS**

5. In its Third Amended Complaint, D.D.S. asserts against Benham claims for breach of implied warranty, misrepresentation, and violation of the Massachusetts Deceptive and Unfair Trade Practices Act. D.D.S.'s claims are founded upon Leidos Engineering's alleged conduct prior to the Transaction (defined below). Leidos Engineering owes a contractual duty to indemnify Benham for any Losses (defined below) that it incurs in connection with D.D.S.'s claims.

6. On March 14, 2016, (i) The Haskell Company and (ii) Leidos Engineering and certain of its subsidiaries entered into two interrelated agreements pursuant to which The Haskell Company acquired from Leidos Engineering its interest in the subsidiaries and certain assets (the "Transaction").

7. The first of the two agreements was an Equity Purchase Agreement, entered into as of March 14, 2016, by and among The Haskell Company, Leidos Engineering, and four Leidos Engineering subsidiaries, namely, Leidos Constructors, LLC, The Benham Group, Inc., ABI Architects, Inc., and Benham. The effective date of the Equity Purchase Agreement was April 16, 2016.

8. Under the terms of the Equity Purchase Agreement, Leidos Engineering—which owned all of the equity in each of Leidos Constructors, LLC, The Benham Group, Inc., ABI Architects, Inc., and Benham—sold its equity interests in these four subsidiaries to The Haskell Company.

9. The second of the two agreements was an Asset Purchase Agreement, entered into as of March 14, 2016, by and among The Haskell Company and Leidos Engineering. The effective date of the Asset Purchase Agreement was April 16, 2016.

10. Under the terms of the Asset Purchase Agreement, The Haskell Company purchased certain assets, properties, and rights from Leidos Engineering and agreed to assume certain—but not all—of Leidos Engineering's liabilities.

11. Sections 2.2 and 2.3 of the Asset Purchase Agreement identify the Leidos Engineering liabilities that The Haskell Company assumed upon the closing of the transaction.

12. Section 2.2 of the Asset Purchase Agreement provides:

> [The Haskell Company] shall assume and shall thereafter pay, perform, discharge or otherwise satisfy in accordance with its

3

terms, all Liabilities (i) set forth on the Closing Balance Sheet (as defined in the Equity Purchase Agreement) and (ii) to be performed after the Closing under the Assigned Contracts pursuant to their respective provisions (excluding any Liabilities resulting from or relating to [Leidos Engineering's] or any of its Affiliates' breach or violation of, or default under, or any alleged breach or violation of, or alleged default under, any such Assigned Contract before the Closing (exclusive of any such breach, violation or default, or alleged breach, violation or default in connection with the failure to obtain any approvals or consents to the assignment or transfer of any Assigned Contract or any benefit thereunder)), but in each case only to the extent such Assigned Contracts have been assigned, conveyed, sold and transferred to the Buyer pursuant to the provisions contained in this Agreement (collectively, the **"*Assumed Liabilities.*"**).

13. The claims D.D.S. has asserted against Benham—which are based solely on Leidos Engineering's alleged conduct prior to the Transaction—were not set forth on the Closing Balance Sheet.

14. Furthermore, the claims D.D.S. has asserted against Benham were not "Liabilities . . . to be performed after the Closing . . . pursuant to [the] provisions" of an Assigned Contract.[1]

15. Therefore, the claims that D.D.S. has asserted against Benham based on Leidos Engineering's alleged conduct prior to the Transaction were not Assumed Liabilities.

16. Section 2.3 of the Asset Purchase Agreement provides that "[The Haskell Company] shall not assume and shall not be responsible to pay, perform, discharge or otherwise satisfy any Liability of [Leidos Engineering] that is not an Assumed Liability (collectively, the '*Excluded Liabilities*'), all of which Excluded Liabilities will at and after the Closing remain [Leidos Engineering's] exclusive duty, Liability, obligation and responsibility."

17. Since the claims D.D.S. has asserted against Benham based on Leidos Engineering's alleged conduct prior to the Transaction were not Assumed Liabilities, they were, by definition, Excluded Liabilities.

---

[1] "Assigned Contract" is defined in Section 2.1(a)(ii) of the Asset Purchase Agreement.

57740367 074411/0177372

18. In Section 10.1 of the Equity Purchase Agreement, Leidos Engineering "covenant[ed] and agree[d] to defend, indemnify and hold harmless [The Haskell Company], its Affiliates, and their respective agents, directors, employees, lenders, managers, members, officers, owners, partners, shareholders, trustees and other representatives (collectively, the '*Buyer Indemnitees*') from and against, and pay or reimburse the Buyer Indemnitees for, any and all Losses resulting from or arising out of," among other things, "any Excluded Liability"—such as the claims D.D.S. has asserted against Benham based on Leidos Engineering's alleged conduct prior to the Transaction.

19. Under the terms of the Equity Purchase Agreement, an "'*Affiliate*' of a Person shall mean any other Person that directly or indirectly controls, is controlled by or is under common control with that Person."

20. Under the terms of the Equity Purchase Agreement, "'*Losses*' shall mean assessments, awards, claims, debts, expenses, fees, injuries, insurance premium increases, liabilities, obligations, losses, fines, costs, judgments, penalties, settlements, Taxes and damages (including reasonable attorneys' fees and out-of-pocket expenses directly incurred in the investigation or defense of any of the same), including appeals[.]"

21. Benham is owned and controlled by—and therefore an Affiliate of—The Haskell Company. Because it is an Affiliate of The Haskell Company, Benham is also a Buyer Indemnitee.

22. Therefore, Leidos Engineering must defend, indemnify, and hold harmless Benham from and against, and pay or reimburse Benham for, any and all Losses resulting from or arising out of D.D.S.'s claims against Benham based on Leidos Engineering's alleged conduct prior to the Transaction. Benham's Losses include any judgment entered against Benham and in

5

favor of D.D.S. and the reasonable attorney's fees and out-of-pocket expenses Benham has incurred and will incur in investigating and defending against D.D.S.'s claims.

23. On or about March 12, 2018, pursuant to Section 10.3 of the Equity Purchase Agreement, Benham timely provided Leidos Engineering notice of D.D.S.'s claims against Benham.

24. On or about April 17, 2018, Leidos Engineering informed Benham that it would not indemnify Benham as required by Section 10.1 of the Equity Purchase Agreement.

25. Because Leidos Engineering refused to accept the defense of D.D.S.'s claims within thirty days of receiving Benham's notice, Benham has "the exclusive and full right to defend" against D.D.S.'s claims "at the sole cost of" Leidos Engineering.

## COUNT I
## (INDEMNIFICATION)

26. Benham repeats and realleges the allegations contained in paragraphs 1 through 25 as if set forth herein.

27. The Haskell Company, Leidos Engineering, and four Leidos Engineering subsidiaries, namely, Leidos Constructors, LLC, The Benham Group, Inc., ABI Architects, Inc., and Benham entered into the Equity Purchase Agreement.

28. In the Equity Purchase Agreement, Leidos Engineering covenanted and agreed to defend, indemnify and hold harmless The Haskell Company's Affiliates from and against, and pay or reimburse The Haskell Company's Affiliates for, any and all Losses resulting from or arising out of any Excluded Liability.

29. Benham is an Affiliate of The Haskell Company.

30. The claims D.D.S. has asserted against Benham based on Leidos Engineering's alleged conduct prior to the Transaction are Excluded Liabilities.

31. Benham's Losses resulting from or arising out of the claims D.D.S. has asserted against Benham include (i) any judgment that may be entered against Benham and in favor of D.D.S. and (ii) the reasonable attorney's fees and out-of-pocket expenses Benham has incurred and will incur in investigating and defending against D.D.S.'s claims.

32. Leidos Engineering has refused to indemnify Benham for its Losses resulting from or arising out of D.D.S.'s claims against Benham.

33. Leidos Engineering has breached its contractual duty to defend and indemnify Benham.

WHEREFORE, Benham respectfully requests that this Court award damages to Benham in the amount of Benham's Losses, which include (i) any judgment entered against Benham and in favor of D.D.S. and (ii) the reasonable attorney's fees and out-of-pocket expenses Benham has incurred and will incur in investigating and defending against D.D.S.'s claims; award Benham the attorneys' fees and costs it incurs in litigating its claim against Leidos Engineering; award Benham interest; and grant Benham such other and further relief as the Court deems just and proper.

57740367 074411/0177372

Respectfully submitted,

**HINCKLEY, ALLEN & SNYDER LLP**

By:*/s/ John P. Connelly*
John P. Connelly, BBO No 546670
28 State Street
Boston, MA  02109
Telephone:  617-345-9000
Facsimile:  617-345-9020
Email:  jconnelly@hinckleyallen.com

**GUNSTER, YOAKLEY & STEWART, P.A.**

By:*/s/ David M. Wells*
David M. Wells
Florida Bar No. 0309291
225 Water Street, Suite 1750
Jacksonville, FL  32202
Telephone:  904-354-1980
Facsimile:  904-354-2170
Email:  dwells@gunster.com

Timothy J. McGinn
Florida Bar No. 1000377
600 Brickell Avenue, Suite 3500
Miami, FL 33131
Telephone:  305-376-6000
Facsimile:  305-376-6010
Email:  tmcginn@gunster.com

*Attorneys for Defendant/Third-Party Plaintiff Benham Design, LLC*

CERTIFICATE OF SERVICE

I, John P. Connelly, hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on May 15, 2018.

*/s/ John P. Connelly*
John P. Connelly

57740367 074411/0177372